688 A.2d 1123

MELVIN JOHNSON, PLAINTIFF–APPELLANT, v. NEW JERSEY DEPARTMENT OF CORRECTIONS, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 1997—Decided February 27, 1997.

Before Judges HAVEY, BROCHIN and EICHEN.

Appellant submitted a *pro se* brief.

*Peter Verniero*, Attorney General of New Jersey, attorney for respondent (*Mary C. Jacobson*, Assistant Attorney General, of counsel; *Judith Lieberman*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Appellant Melvin Johnson is an inmate confined at the New Jersey State Prison. Following a disciplinary hearing, he was determined to have committed the prison disciplinary infraction of "assaulting any person," a violation of *N.J.A.C.* 10A:4–4.1(a)(*.002).

The hearing officer imposed 15 days detention, with credit for time served, 120 days administrative segregation, and loss of 120 days commutation time. Both the finding of guilt and the sentence were affirmed on appeal to the Department of Corrections.

■ Johnson has appealed that determination to our court. He contends that the administrative ruling should be reversed because he was denied the right to cross-examine a critical witness and because he was refused the opportunity to take a polygraph test.

■ Preliminarily, we note that our review of this matter has been grossly hampered by the undecipherability of most of the record. The various statements and reports which comprise the record all consist primarily of handwritten materials. We have no difficulty reading Johnson's handwritten materials. But a combination of illegible handwriting and of reproductions which are either smudged or blurred have made a substantial portion of the forms completed by officers of the State Prison or of the Department of Corrections entirely unreadable. Since an inmate has a right to appeal the imposition of disciplinary sanctions, he is also entitled to have us furnished with a record which makes our review possible. Because of the nature of appeals by prison inmates, the responsibility for assuring that the reviewing court has a useable record must fall to the Attorney General representing the State or its agents. The illegibility of the record would be a sufficient reason for a remand in the present case even if there were no other reason. *See McDonald v. Pinchak,* 139 *N.J.* 188, 199, 652 *A.*2d 700 (1995) ("Reviewing bodies must be able to examine a record of disciplinary proceedings.")

But there is another reason. The one incident report that we can read describes the incident which is the occasion for the discipline as follows:

On April 9, 1995, an incident took place in 8 Down A Dorm. Upon investigating, the officers found I/M Jones 216691 breathing heavily and all scratched up. They also found I/M Johnson 247682 to be scratched up. . . . We were then informed a

third party was involved in the incident known as "D Boy." On April 10, 1995, "D Boy" was identified as I/M Kellam 223729. . . .

On April 11, 1995 Lt. Pascucci and this writer acting on information originally supplied by Lt. Connell obtained two (2) confidential eyewitness statements, both stating I/M Jones was in possession of narcotics on 4-9-95 in 8DN. I/Ms Kellam and Johnson attempted to steal Jones' narcotics and when Jones resisted Kellam and Johnson punched him repeatedly.

Based on the above, I/Ms Kellam and Johnson were issued 002 assault charges and placed in PHD status.

Please be advised both confidential informants have proven reliable in the past in obtaining information on previous assaults and drug operations.

Johnson denies that the alleged assault occurred. The appendix to his brief to our court includes what purports to be I/M Jones' handwritten statement which reads as follows:

My name is Mr. Randy Jones # 216691. On 4-9-95 two inmates were accused of assaulting me in the 8 down dormitory.

Mr. Johnson # 247682 and Mr. Kellam # 223729 were the ones that were accused of that crime. I said this before and I'm saying this again. I was not assaulted by Mr. Johnson # 247682 or Mr. Kellam # 223729 or anyone else.

So I ask, can you please solve this misunderstanding so that we all can continue doing our time peacefully.

Jones did not testify. Johnson claims that he asked to cross-examine him so that the hearing officer would hear what Johnson apparently anticipated would be Jones' denial of the assault. *See N.J.A.C.* 10A:4-9.13 and -9.14. A form entitled "E. Adjudication of Disciplinary Charge–Institution's Copy" states that testimony, presumably that of Jones, was "not requested by I/M."

In *McDonald v. Pinchak, supra,* an inmate's appeal from a prison disciplinary decision, there was a dispute between the inmate and the institution about whether the inmate had requested an opportunity to cross-examine witnesses and whether persons who he wanted to call as witnesses were willing to testify. The *McDonald* opinion notes that the Adjudication of Disciplinary Charge form was amended subsequent to oral argument to include a line for the inmate's signature to indicate his agreement with a factual recitation of what occurred at the hearing. The Court states, "Most important, requiring the hearing officer to obtain a defendant inmate's signature or his counsel substitute's signature

on the adjudication form with regard to those procedural issues will avoid factual disputes similar to those in this case . . . ." 139 *N.J.* at 199, 652 *A.*2d 700.

The records in other cases which have come before us since *McDonald* have included a form signed by the inmate or his counsel substitute to "acknowledge[ ] that the information in lines 1–15 accurately reflects what took place at the inmate disciplinary hearing." However, the record submitted to us in the present case does not include either Johnson's signed acknowledgement that he did not request Jones' appearance as a witness or that his request was refused by the hearing officer for some justifiable reason. Because the Department of Corrections failed to follow its own procedures to document that Johnson did not want to call Jones as a witness, we accept Johnson's contrary contention.

Johnson is entitled to the opportunity to call Jones as a witness at his disciplinary hearing unless the Department of Corrections specifies some justifiable reason for refusing to permit the testimony. If Jones does testify, the hearing officer should reconsider his determination in the light of that testimony. Of course, we do not intend to intimate what, if any, weight should be given to Jones' testimony.

Johnson does not have the right to a polygraph test. *N.J.A.C.* 10A:3–7.1(c) ("An inmate's request for a polygraph examination shall not be sufficient cause for granting the request.")

The determination appealed from is reversed and the matter is remanded to the Department of Corrections for further proceedings consistent with this opinion.