**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2770-17T2

SUREN GARRISON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 20, 2018 – Decided March 18, 2019

Before Judges Simonelli and Whipple.

On appeal from the New Jersey Department of Corrections.

Suren Garrison, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Suren Garrison, an inmate currently housed at Northern State Prison, appeals the Department of Corrections' (DOC) August 10, 2017 disposition upholding a disciplinary determination that Garrison was guilty of committing prohibited act *.004, fighting with another person, in violation N.J.A.C. 10A:4-4.1(a)(2)(i). After reviewing the record, we conclude the DOC decision was not arbitrary, capricious, or unreasonable, and we affirm.

We discern the following facts from the record. On August 1, 2017, at 4:47 p.m., a senior corrections officer responded to yelling coming from Garrison's cell and found him and his cellmate fighting with closed fists. Garrison was taken to the hospital to be treated for head and facial trauma and an ankle dislocation. On August 3, 2017, Garrison was notified he was charged with committing prohibited act *.004, fighting with another person in violation of N.J.A.C. 10A:4-4.1(a)(2)(i).

Garrison pled not guilty and was assigned counsel substitute upon his request. At the August 8, 2017 hearing, the senior corrections officer who broke up the fight submitted a written statement. Garrison asserted he was not fighting but was assaulted by his cellmate. His counsel substitute provided a statement, but called no witnesses. The hearing officer found "[a]ll evidence was considered. The I/M [inmate] provided nothing to discredit the evidence or the

charge. The evidence supports the charge. Charge upheld." The hearing officer found Garrison guilty and sentenced Garrison to 180 days administrative segregation, ninety days loss of commutation time, and twenty days loss of recreation privileges. Garrison appealed and Assistant Superintendent M. Ganesh upheld the decision after finding it supported by substantial evidence. This appeal followed.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not disturb an administrative agency determination unless it is arbitrary, capricious or unreasonable. Ibid. N.J.A.C. 10A:4-9.15(a) requires that "a disciplinary hearing officer's adjudication that an inmate committed a prohibited act . . . be based on substantial evidence in the record." Id. at 191. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Garrison argues his case should have been given further review because the senior corrections officer who witnessed the altercation ceased working at Northern State Prison after his case was adjudicated. Additionally, for the first

time on appeal, Garrison argues his counsel substitute was ineffective for not requesting a polygraph examination. We reject both arguments.

The hearing officer based his decision on substantial evidence consisting of a statement from the senior corrections officer who witnessed Garrison and his cellmate fighting with closed fists. Garrison was given the opportunity to present witnesses but declined to do so. This is significant because under N.J.A.C. 10A:4-9.13(f), an "inmate claiming self-defense shall be responsible for presenting supporting evidence" that the inmate: "was not the initial aggressor[,]" "did not provoke the attacker[,]" and "had no reasonable opportunity or alternative to avoid the use of force[.]" The inmate must also prove: "[t]he use of force was not by mutual agreement[,]" "was used to defend against personal harm[,]" and "was reasonably necessary for self-defense and did not exceed the amount of force used against the inmate." Ibid.

Garrison does not explain why the senior corrections officer who witnessed Garrison's fight ceased working at Northern State Prison or what the officer's leaving had to do with his disciplinary proceeding, if anything. We decline to address the argument that Garrison's counsel substitute was ineffective for not requesting a polygraph because it was not raised below,

4

despite an opportunity to do so. See <u>Selective Ins. Co. of Am. v. Rothman</u>, 208 N.J. 580, 586 (2012).[1]

We do not overlook the extent of injuries Garrison apparently suffered; however, after a review of the record, we conclude Garrison received all of the due process to which he was entitled to under the law. See <u>McDonald v. Pinchak</u>, 139 N.J. 188, 195 (1995); <u>Avant v. Clifford</u>, 67 N.J. 496, 523 (1975). Garrison was given written notice of the charge at least twenty-four hours before the hearing, he was provided with counsel substitute, he was offered an opportunity to call and confront witnesses, and he received a written statement of the evidence relied upon and the reasons for the discipline.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] "A polygraph examination may be requested by the Administrator or designee . . . [w]hen there are issues of credibility regarding serious incidents or allegations which may result in a disciplinary charge[.]" N.J.A.C. 10A:3-7.1(a)(1). "The code regulation's principal impetus is as an investigative tool of the administrator when serious disciplinary infractions are alleged against an inmate as opposed to an affirmative right granted to the inmate himself." <u>Ramirez v. N.J. Dep't of Corr.</u>, 382 N.J. Super. 18, 23 (App. Div. 2005). An inmate does not have the right to a polygraph test. <u>Johnson v. N.J. Dep't of Corr.</u>, 298 N.J. Super. 79, 83 (App. Div. 1997); <u>see also</u> N.J.A.C. 10A:3-7.1(c) ("An inmate's request for a polygraph examination shall not be sufficient cause for granting the request."). Instead, N.J.A.C. 10A:3-7.1 "is designed to prevent the routine administration of polygraphs, and a polygraph is clearly not required on every occasion that an inmate denies a disciplinary charge against him." <u>Ramirez</u>, 382 N.J. Super. at 23-24.