**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3433-17T4

TRAVIS VILLALOBOS,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 18, 2019 – Decided March 29, 2019

Before Judges Sabatino and Sumners.

On appeal from the New Jersey Department of Corrections.

Travis Villalobos, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Travis Villalobos, an inmate at South Woods State Prison, appeals disciplinary sanctions imposed upon him pursuant to N.J.A.C. 10A:4-4.1 for committing prohibited act *.203 (possession or introduction of any prohibited substances such as drugs, intoxicants or related paraphernalia not prescribed for the inmate by the medical or dental staff).[1] We remand this matter, for the reasons that follow.

I.

The disciplinary charges against appellant arose out of a search on January 25, 2018 of the cell that was jointly housing him and another inmate. According to appellant, he had been assigned to that cell at most only a few hours before the search.

During the course of the search, a corrections officer discovered, in appellant's cellmate's unsecured locker, a pouch under a t-shirt. The pouch contained pills and a powdery substance. Only the pills were tested. The pills turned out to be non-narcotic prohibited substances for which appellant did not

---

[1] The Department's documentation is inconsistent. Appellant was initially charged with both a *.203 infraction and a violation of *.305 (giving a false statement to a staff member). However, the February 14, 2018 hearing officer's adjudication of the charges found appellant guilty only of a *.203 infraction. Inexplicably, the disposition of appellant's administrative appeal refers to both provisions. In any event, the Department's brief on appeal states that appellant solely violated *.203.

have a prescription. Appellant and his cellmate both submitted to urine screens after the discovery of the items. Both screens tested negative.

Appellant contended that the items did not belong to him, that he had only recently moved to the cell, and the items were found in his cellmate's locker and not his own. He requested a polygraph examination, which the institution declined as unwarranted. The investigation indicated that appellant had access to the unlocked locker of his cellmate where the seized items were located.

After several postponements, the disciplinary hearing was conducted on February 14, 2018. Appellant requested and was provided with the assistance of a counsel substitute in accordance with N.J.A.C. 10A:4-9.12. Appellant provided a statement asserting that he had moved into the cell only a few hours or less before the search, that he was never alone in the cell, and that the items were not his and were found in his cellmate's locker. The counsel substitute noted that a criminal complaint issued after the search stated that the cellmate, not appellant, was the possessor of the substance. According to the Department's investigator, this misattribution was a clerical error.[2]

---

[2] According to appellant, the criminal charges against him were dismissed, but his cellmate was charged in the matter. The Department's brief acknowledges this representation and does not refute it.

Appellant was offered the opportunity to call witnesses at the disciplinary hearing on his behalf, which he declined.  He also declined the opportunity to confront and cross-examine adverse witnesses.

The hearing officer found appellant guilty of the *.203 prohibited act.  The officer imposed sanctions of 180 days administrative segregation, ninety days loss of commutation time, ten days loss of recreation privileges, 365 days of urine monitoring, permanent loss of contact visits, and the confiscation of the seized items.  Appellant was also referred for a mental health evaluation.

Appellant administratively appealed the hearing officer's decision.  That same day, an Assistant Superintendent of the Department upheld the decision.

II.

On appeal, appellant contends that he was deprived of due process because there was not substantial credible evidence to support his guilt and his pre-hearing polygraph request should have been granted.

It is well established that our courts generally will not disturb the Department's administrative decision to impose disciplinary sanctions upon an inmate, unless the inmate demonstrates that the decision is arbitrary, capricious or unreasonable, or that the record lacks substantial, credible evidence to support that decision.  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980);

4

Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).

Moreover, prisoners in disciplinary matters are afforded only limited procedural protections. McDonald v. Pinchak, 139 N.J. 188, 193-99 (1995)

We focus our discussion on the denial of the requested polygraph. N.J.A.C. 10:3-7.1 allows the prison administrator to request a polygraph in certain situations, including circumstances where an inmate charged with disciplinary infractions has sought such a polygraph. The regulation states:

> (a) A polygraph examination may be requested by the Administrator or designee:
>
> 1. When there are issues of credibility regarding serious incidents or allegations which may result in a disciplinary charge; or
>
> 2. As part of a reinvestigation of a disciplinary charge, when the Administrator or designee is presented with new evidence or finds serious issues of credibility.
>
> (b) The polygraph shall not be used in place of a thorough investigation, but shall be used to assist an investigation when appropriate.
>
> (c) Agreement by the inmate to take a polygraph examination shall not be a pre-condition for ordering a reinvestigation. An inmate's request for a polygraph examination shall not be sufficient cause for granting the request.
>
> [N.J.A.C. 1-A:3-7.1].

A-3433-17T4

While "[a]n inmate's request for a polygraph examination shall not be sufficient cause for granting the request," N.J.A.C. 10A:3-7.1(c), an inmate has a right to a polygraph test in certain situations. Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 20 (App. Div. 2005); but see Johnson v. N.J. Dep't of Corr., 298 N.J. Super. 79, 83 (App. Div. 1997) (concluding the appellant did not "have the right to a polygraph test," citing N.J.A.C. 10A:3-7.1(c)). "[A]n inmate's right to a polygraph is conditional and the request should be granted when there is a serious question of credibility and the denial of the examination would compromise the fundamental fairness of the disciplinary process." Ramirez, 382 N.J. Super. at 20.

In Ramirez, the inmate appealed disciplinary sanctions based on attempting to commit an assault on a senior corrections officer. Id. at 20-21. Ramirez denied these charges and contended the officer assaulted him. Id. at 21. In analyzing these issues, we explained in Ramirez that "a prison administrator's determination not to give a prisoner a polygraph examination is discretionary and may be reversed only when that determination is 'arbitrary, capricious or unreasonable.'" Id. at 24. In exercising this discretion, the prison administrator "must be guided by whether the request for a polygraph if denied will impair the fundamental fairness of the disciplinary proceeding." Ibid. We

noted that such impairment of fairness could be indicated, for instance, by inconsistencies in the officer's statements or "some other extrinsic evidence involving credibility, whether documentary or testimonial, such as a statement by another inmate or staff member on the inmate's behalf." Ibid. However, "fundamental fairness will not be effected when there is sufficient corroborating evidence presented to negate any serious question of credibility." Ibid.

Applying these standards, we found the Department's denial of a polygraph in Ramirez did not undermine the fundamental fairness of the proceeding because there was no inconsistencies in the officer's accusation, no extrinsic evidence involving credibility was presented, and corroborating evidence was presented to confirm the officer's credibility. Id. at 26. Even so, we have held that a denial of an inmate's request for a polygraph was improper or unfair in other cases. For example, in Engle v. N.J. Department of Corrections, 270 N.J. Super. 176, 178 (App. Div. 1994), we found that a denial of a polygraph examination – where the violation was based on information from a single confidential informant with no corroboration – was an unsustainable exercise of the administrator's discretion.

Here, the parties agree the contraband was found in appellant's cellmate's locker. Appellant asserts that he moved into that cell only hours earlier, an

assertion the Department's proofs did not refute. There was no corroborating evidence presented that the contraband was appellant's, or that the appellant knew of the contraband's existence, beyond the fact that the cellmate's locker was unsecured and appellant presumably could have had access to it.

The circumstances here do not justify denying a polygraph request, as the dispute ultimately turns upon the credibility of competing claims regarding appellant's alleged knowledge and constructive possession of the items. See State v. Morrison, 188 N.J. 2, 14-15 (2006) (explaining the concepts and standards for imputing constructive possession); Figueroa, 414 N.J. Super. at 192 (explaining the concept of constructive knowledge in the context of a prison disciplinary matter).

As we noted in Figueroa:

> "[P]ossession . . . signifies a knowing, intentional control of a designated thing, accompanied by a knowledge of its character." State v. Pena, 178 N.J. 297, 305 (2004) (quotations omitted). Thus, an inmate cannot be found guilty of possession of a prohibited drug "unless [there is sufficient proof] that he knew or was aware, at a minimum, that he possessed [the drug]." Ibid.
>
> [414 N.J. Super. at 192 (alterations in original) (second emphasis added)].

In light of these considerations and what we deem to be "serious issues of credibility" and fundamental fairness concerns, we conclude the Department unreasonably denied appellant's request for a polygraph. We accordingly remand this matter with a direction to the Department to arrange the requested polygraph examination(s).

Following the test results, a new hearing shall be conducted to take into account the polygraph evidence and any other proofs that may be developed. We do not intimate in advance, of course, any views about the outcome of these procedures.

Remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3433-17T4