**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0994-18T2

TARON INGRAM,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted October 22, 2019 – Decided November 8, 2019

          Before Judges Hoffman and Firko.

          On appeal from the New Jersey Department of Corrections.

          Taron Ingram, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Beonica McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, an inmate in the State's correctional system, appeals from a final determination of the New Jersey Department of Corrections (NJDOC), finding him guilty of prohibited act *.202, possession or introduction of a weapon, such as a sharpened instrument, knife, or unauthorized tool, in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

On September 20, 2018, at around 9:45 a.m., appellant was in the day room when Officer Mount conducted a routine search of appellant's bed area and secured footlocker. Officer Mount found a five-inch shank constructed of a sharpened nail with a handle covered in black electrical tape inside of a white shirt. Officer Mount notified Sergeant Thompson to report to appellant's unit.

On September 21, 2018, appellant was informed that he had been charged with committing prohibited act *.202. A corrections officer investigated the matter, determined that the charge had merit, and referred the matter to a hearing officer for further action. The hearing was scheduled for September 21, 2018, but was adjourned because appellant requested video footage from his housing unit and information related to the search. The Special Investigations Division attempted to retrieve the requested video footage, but was unable to do so because of a technical problem with the video files.

A-0994-18T2

The hearing was postponed a second time at appellant's request because he wanted a polygraph examination, which was denied. Appellant also requested the assistance of counsel substitute, which was granted, and a plea of not guilty was entered. During the investigation, appellant was offered the opportunity to obtain witnesses. He declined to name any witnesses.

At the hearing, appellant testified that the footlocker where the sharpened nail was found did not belong to him and Officer Mount erroneously concluded the object was his. Appellant stated at the time of the inspection, he was using a top locker with a padlock that contained his commissary and batteries. He did not present any witnesses to testify. Counsel substitute had the opportunity to confront and cross-examine any adverse witnesses.

The hearing officer found appellant guilty of the charge, noting Officer Mount's testimony was consistent with the report of a weapon being found in appellant's area. Notably, the hearing officer stated the found weapon "could easily harm someone."

The following sanctions were imposed by the hearing officer: fifteen days loss of recreation, 365 days of administrative segregation, and the loss of 200 days of commutation time. Appellant filed an administrative appeal. On October 5, 2018, the NJDOC issued its final decision on the appeal, finding that

the charge had been adjudicated in accordance with the applicable procedural guidelines and the sanctions were appropriate to the charge. This appeal followed.

On appeal, appellant argues that: (1) there is insufficient evidence to support the NJDOC's finding of guilt; (2) the sanction imposed is contrary to administrative guidelines; and (3) his request for a polygraph examination was wrongfully denied. We find no merit in these arguments.

The scope of our review in appeals from final decisions of administrative agencies is "severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994) (citing Gloucester Cty. Welfare Bd. v. N.J. Civil Serv. Comm'n, 93 N.J. 384, 390 (1983)). "Courts can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Ibid.

When reviewing a final decision of the NJDOC imposing disciplinary sanctions upon an inmate, we consider whether there is substantial evidence to support the agency's factual findings and whether, in rendering its decision, the Department afforded the inmate the process due. McDonald v. Pinchak, 139 N.J. 188, 201-03 (1995); Jacobs v. Stephens, 139 N.J. 212, 215 (1995).

A-0994-18T2

We are satisfied from our review that there is sufficient evidence in the record to support the NJDOC's determination that appellant committed prohibited act *.202. Here, the hearing officer credited Officer Mount's disciplinary report and testimony, and the answers she provided to appellant's confrontation questions. The hearing officer also considered the statements of inmates Blackwell and Santiago, as requested by appellant. Blackwell contended that appellant did not have a sharpened nail, he observed appellant clean his footlocker, and another inmate stash a weapon in the bathroom. Santiago contended that he observed Officer Mount carrying a weapon similar to the object at issue. The hearing officer found Officer Mount credible, and rejected appellant's assertions and the written inmate statements he submitted in his defense.

Moreover, the hearing officer found the video of the incident "could not be obtained." Nothing suspicious was noted about the lack of video footage. Thus, there was sufficient evidence to support the hearing officer's finding that appellant was guilty of possession of a weapon in violation of N.J.A.C. 10A:4-4.1(a).

In addition, appellant argues that the DOC wrongfully denied him the right to take a polygraph examination. An inmate does not have a right to take a

5

polygraph. Johnson v. N.J. Dep't of Corrs., 298 N.J. Super. 79, 83 (App. Div. 1997); see also N.J.A.C. 10A:3-7.1(c) ("An inmate's request for a polygraph examination shall not be sufficient cause for granting the request.") An inmate may request a polygraph test "[w]hen there are issues of credibility regarding serious incidents or allegations which may result in a disciplinary charge . . . ." N.J.A.C. 10A:3-7.1(a)(1).

Appellant argues a polygraph examination was required to support his assertion of innocence because of the unavailability of the video footage of the search. He further argues Blackwell's statement that appellant "did not have [a] sharpened nail" raises a serious question of credibility and denial of the examination compromised the fundamental fairness of the entire proceeding.

The decision as to whether to permit a polygraph exam is committed to the sound discretion of the prison administrator, and the denial of the request will only be disturbed if "arbitrary, capricious or unreasonable." Ramirez v. Dep't of Corrs., 382 N.J. Super. 18, 24 (App. Div. 2005). In exercising his or her discretion, the administrator must determine whether denial of the request "will impair the fundamental fairness of the disciplinary proceeding." Ibid.

The fundamental fairness of the proceeding may be impaired if there are "inconsistencies in the [corrections officer's] statements or some other extrinsic

6

evidence involving credibility, whether documentary or testimonial, such as a statement by another inmate or staff member on the inmate's behalf." Ibid. On the other hand, the "fundamental fairness [of the proceeding] will not be [a]ffected when there is sufficient corroborating evidence presented to negate any serious question of credibility." Ibid.

Here, the prison's administrator denied appellant's request for a polygraph, finding that: "[t]here are no issues or any other concerns noted that cannot be addressed by the Hearing Officer at [the] hearing."

The record shows that Officer Mount testified consistently with what was set forth in her report, and appellant was permitted to test the credibility of her statements through confrontation. Moreover, the hearing officer found appellant's statement and the statements of the inmates submitted on his behalf were not credible.

Thus, the record did not present an issue of credibility that could not be resolved based on the existing record. Therefore, the denial of appellant's request for a polygraph "did not impede the fundamental fairness of the disciplinary hearing." Id. at 27. We reject appellant's contention that the denial of his request for a polygraph examination was arbitrary, capricious, and unreasonable.

We have considered appellant's other contentions and find them to be without sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0994-18T2