**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4948-17T4

LESLIE HILL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 24, 2019 - Decided November 14, 2019

Before Judges Fisher and Accurso.

On appeal from the New Jersey Department of Corrections.

Leslie Hill, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Tasha Marie Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Leslie Hill, an inmate at Northern State Prison, appeals from a final agency decision of the Department of Corrections adjudicating him guilty of prohibited acts *.203, possession or introduction of any prohibited substances, and *.215, possession with intent to distribute or sell prohibited substances, in violation of N.J.A.C. 10A:4-4.1(a).  We affirm.

Hill was incarcerated at East Jersey State Prison in Rahway when subjected to a non-routine cell search revealing heroin in seventy-nine individually wrapped pieces of magazine paper hidden in the light fixture above his bed area.  Interviewed by a sergeant, Hill admitted the items were his and said he would wait for the lab report.  He subsequently refused to sign the confiscation paperwork.  The State Police lab confirmed the substance was heroin.

Hill was provided written notice of the charges and pleaded not guilty. His request for a polygraph was denied.  Hill was assigned counsel substitute and confronted the officers who conducted the search.  At the hearing, Hill made a statement saying "I gave them my explanation.  I accept responsibility."  He complained of being treated unfairly by the custody staff, asserting his cellmate should also have been locked up and provided "the chance to say whether they were his drugs."

A-4948-17T4

The hearing officer found Hill guilty of the charges.  The officer noted the custody officers who conducted the search answered all of Hill's questions without any defensiveness, that Hill did not choose to confront the sergeant who reported that Hill admitted the drugs were his, and also did not seek a statement from his cellmate, whom he claimed at the hearing might know something about the drugs.  Under the circumstances, the hearing officer found nothing to warrant a polygraph examination of Hill and that seventy-nine packets of heroin was well in excess of what one would consume for personal use.  The assistant superintendent of the prison affirmed the decision on Hill's administrative appeal.

On this appeal, Hill claims the administrator's decision upholding the guilty finding was arbitrary, capricious and unreasonable; the hearing officer's findings were not based on substantial evidence in the record; the hearing officer shifted the burden to him; the failure to implicate Hill's cellmate denied Hill due process and a fair hearing; and that the denial of his request for a polygraph denied him due process.

Our review of the decision of an administrative agency is, of course, limited.  In re Herrmann, 192 N.J. 19, 27 (2007).  We will not upset an

A-4948-17T4

agency's decision absent "a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28.

Applying that standard here, we are satisfied the reports and statements on which the agency relied provided ample evidence to support the charges against Hill, and that he was provided with all of the substantive and procedural due process to which he was entitled, McDonald v. Pinchak, 139 N.J. 188, 195 (1995). His arguments to the contrary are entirely without merit. R. 2:11-3(e)(1)(E). The agency presented substantial evidence the drugs belonged to Hill, and Hill, by failing to confront the sergeant who claimed Hill admitted the drugs were his or to seek a statement from his cellmate, simply failed to put the critical facts in issue, making a polygraph examination unnecessary, see N.J.A.C. 10A:3-7.1; Johnson v. Dep't of Corr., 298 N.J. Super. 79, 83 (App. Div. 1997).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4948-17T4