**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0983-19

MAURICE GOODEN,
a/k/a MAURICE GOODING,
and MARK THOMAS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 10, 2021 – Decided April 8, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Maurice Gooden, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Maurice Gooden, an inmate at New Jersey State Prison, appeals from the October 1, 2019 final determination of the Department of Corrections (DOC) upholding a hearing officer's finding that he committed prohibited acts: *.002, assaulting any person; *.005, threatening another with bodily harm or with any offense against his or her person or property; and *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility; in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

On August 27, 2019, Gooden was housed in Cell No. 6 of Housing Unit 2B Right at New Jersey State Prison. At around 9:45 a.m. that day, Disciplinary Hearing Officer T. Cortes was conducting an adjudicatory hearing in Cell No. 4 of Housing Unit 2B Right. Also present were Officer B. Sides and inmate paralegal Robert Hill. As they entered the Unit, Gooden began yelling threatening statements at Hill, including, "I will fuck you up when I get out of here, you bitch ass n—ger!" Gooden also called Hill a "stool pigeon."

Gooden continued making threatening statements to Hill throughout the hearing. The threatening statements were apparently related to a prior incident in which Hill provided a witness statement concerning a disciplinary infraction for which Gooden was sanctioned. As a result of his conduct, Gooden was charged with committing prohibited act *.005.

Following that incident, Gooden was escorted to the medical unit for evaluation. Upon returning to his cell, Officer Christmas ordered Gooden to remove his shoelaces prior to placing him in pre-hearing detention. After removing the first shoelace, Gooden used it to whip Christmas across the left side of his face. Gooden then removed his other shoe and raised it in an aggressive manner. As a result of the assault, Lieutenant Peterson called a code 33–officer needs assistance emergency. This required numerous officers to leave their assigned posts to assist and delayed lunch mess movement for approximately thirty minutes. Gooden was charged with committing prohibited acts *.002 and *306.

On August 28, 2019, a corrections sergeant served the charges on Gooden, investigated the charges, and referred the charges to a hearing officer. On the same day, a mental health evaluation of Gooden was performed to determine his mental status and level of responsibility. The evaluator found that Gooden suffered from a mental illness but concluded the mental illness did not contribute to his behavior during the alleged infraction and that Gooden was responsible for his actions. The evaluator also concluded that Gooden was mentally competent to defend himself and understand the disciplinary proceeding.

A-0983-19

The hearing took place on September 17, 2019. Gooden requested and was granted the assistance of a counsel substitute and pleaded not guilty to the charges.

Gooden requested witness statements relating to the *.005 and *.306 charges from inmates A. Harris, J. Roman, and Hill. The investigating sergeant obtained statements from Harris and Roman, but Hill refused to provide a statement. The statements were considered by Disciplinary Hearing Officer Falvey. Gooden also requested and was granted confrontation of Hearing Officer Cortes, Lieutenant Peterson, and Officers Christmas and Sides.

After hearing the testimony, reviewing the evidence, and considering Gooden's arguments, Disciplinary Hearing Officer Falvey found Gooden guilty of all three charges. On the *.005 charge, Gooden was sanctioned to 180 days of administrative segregation, loss of 180 days of commutation time, and loss of email privileges for 30 days. The hearing officer found Gooden had a prior disciplinary history involving numerous threatening charges, that prior sanctions did not have a deterrent effect, and that Gooden's threat against an inmate paralegal showed a callous disregard for safety and security. The hearing officer also considered Gooden's mental health status.

A-0983-19

On the *.002 charge, Gooden was sanctioned to 300 days of administrative segregation, loss of 300 days of commutation time, and loss of recreation privileges for 30 days, to run consecutively to the sanctions imposed for the *.005 charge. The hearing officer found Gooden "has [a] prior disciplinary history highlighted by recent threats and has now escalated to assault on staff. Prior sanctions ineffective. Gooden continues to exhibit conscious disregard for safety of officers." Gooden's mental health status was noted. The hearing officer stated the sanctions were "intended to deter this conduct."

On the *.306 charge, Gooden was sanctioned to a concurrent 180 days of administrative segregation, and a consecutive loss of 180 days of commutation time. The hearing officer found "Gooden ha[d] an extremely poor disciplinary history. Full of disruption and violence. Sanctions intended to deter [inmate] from further disruption and keep in setting where he can be controlled." Gooden's mental health status was noted.

Gooden administratively appealed the hearing officer's decision. (Ra87-91). On October 1, 2019, Assistant Superintendent Amy Emrich upheld the guilty findings and the sanctions imposed. Emrich determined that the proceeding satisfied the procedural safeguards set forth in the inmate discipline regulations of the New Jersey Administrative Code. She found that the

5

preponderance of the evidence presented supported the hearing officer's decision that Gooden was guilty of the three charges. Emrich noted that Gooden's "mental health history was reviewed and considered." This appeal followed.

Gooden raises the following points for our consideration:

> I. THE HEARING OFFICER SHOULD HAVE RECUSED HERSELF BECAUSE SHE WAS A WITNESS TO THE *.005 CHARGE, WHICH CREATED A CONFLICT OF INTEREST.
>
> II. APPELLANT'S RIGHT TO CONFRONTATION WAS VIOLATED BY NOT ALLOWING APPELLANT TO CONFRONT [OFFICER] MCLEAN.
>
> III. THE HEARING OFFICER'S DECISION WAS NOT BASED UPON SUBSTANTIAL CREDIBLE EVIDENCE.
>
> IV. APPELLANT'S REQUEST FOR A POLYGRAPH SHOULD HAVE BEEN GRANTED.

Our review of a final agency decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reversal is appropriate only when the agency's decision is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence in the record as a whole. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding that a court must uphold an agency's findings, even if it would have reached a different result, so long as "sufficient credible evidence

6

in the record supports the agency's conclusions").

"[A]lthough the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa, 414 N.J. Super. at 191 (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We engage in a "careful and principled consideration of the agency record and findings" relating to inmate disciplinary adjudications. Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

In a disciplinary proceeding, an inmate is not entitled to "the full panoply of rights" afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 494 (1972)). An inmate is entitled to written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the inmate is permitted the assistance of a counsel substitute. Id. at 525-33.

The record reveals that each of these procedural requirements were met. Gooden received timely notice of the charges. He was afforded the assistance

7

of counsel substitute pursuant to N.J.A.C. 10A:4-9.12. Gooden submitted written statements denying the charges and requesting a polygraph. His counsel substitute argued on his behalf. Written statements of two witnesses were provided; the third refused to provide a statement. Gooden was granted confrontation of Hearing Officer Cortes, Lieutenant Peterson, and Officers Christmas and Sides, in form of written questions to be answered by the witness at the hearing in accordance with N.J.A.C. 10A:4-9.14. He also had the opportunity to ask follow-up questions. The hearing was conducted by Hearing Officer John Falvey, a member of the DOC's Central Office, thereby providing an impartial tribunal. Accordingly, Gooden received due process.

Gooden contends that Hearing Officer Cortes should have recused herself because she was a witness to the *.005 charge. Gooden is clearly mistaken. Hearing Officer Falvey adjudicated the charges, not Cortes. There was no conflict of interest.

Gooden also contends that his request for confrontation of Officer McLean was improperly denied. The record demonstrates that none of the officers involved in the incidents was named "McLean."

Gooden further contends that his polygraph request should have been granted. An inmate does not have the right to a polygraph test. Johnson v. N.J.

8

Dep't of Corr., 298 N.J. Super. 79, 83 (App. Div. 1997) (citing N.J.A.C. 10A:3-7.1(c) ("An inmate's request for a polygraph examination shall not be sufficient cause for granting the request.")). Instead, N.J.A.C. 10A:3-7.1 "is designed to prevent the routine administration of polygraphs, and a polygraph is clearly not required on every occasion that an inmate denies a disciplinary charge against him." Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23-24 (App. Div. 2005). "[A] prison administrator's determination not to give a prisoner a polygraph examination is discretionary and may be reversed only when that determination is 'arbitrary, capricious or unreasonable.'" Id. at 24. "[A]n inmate's right to a polygraph is conditional and the request should be granted when there is a serious question of credibility and the denial of the examination would compromise the fundamental fairness of the disciplinary process." Id. at 20. However, "fundamental fairness will not be effected when there is sufficient corroborating evidence presented to negate any serious question of credibility." Id. at 24.

Because adequate corroborating evidence was presented to confirm the officers' credibility, Gooden "has failed to demonstrate that the denial of his request for a polygraph negated the fundamental fairness of the disciplinary proceeding which would compel the granting of his request for a polygraph."

9

Id. at 26. The officers' reports of the incidents were consistent and supported the findings that Gooden threatened Hill and assaulted Officer Christmas. While Gooden's witnesses claimed they did not hear him threaten Hill, the two witnesses that heard the threat, Hearing Officer Cortes and Officer Sides, were in closer proximity to Gooden than his two witnesses. Moreover, Gooden admitted that he had previously called Hill a "stool pigeon." We are satisfied the Assistant Superintendent did not abuse his discretion by denying the request for a polygraph test.

We next consider whether there was adequate evidence to find Gooden guilty of committing prohibited acts *.002, *.005, and *.306. "A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

Our careful review of the record convinces us there was substantial evidence to find Gooden guilty of committing prohibited acts *.002, *.005, and

*.306.    Accordingly, the DOC's final determination was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0983-19