**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2741-21

LARRY FLEMING,

    Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Defendant-Respondent.

_____

Submitted January 9, 2024 – Decided  January 23, 2024

Before Judges Natali and Puglisi.

On appeal from the New Jersey Department of Corrections.

Larry Fleming, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Larry Fleming challenges an April 6, 2022 final agency decision of the New Jersey Department of Corrections (DOC) upholding a hearing officer's imposition of disciplinary sanctions for his violation of prohibited act *.014, "unauthorized physical contact with any person with an article, item, or material such as anything readily capable of inflicting bodily injury," contrary to N.J.A.C. 10A:4-4.1(a)(2)(iv). After considering the parties' arguments in light of the record on appeal and the applicable legal principles, we vacate the DOC's decision and remand for further proceedings.

I.

We discern the following facts from the administrative record. On January 14, 2022, Officer Devon Naul observed an inmate exit a janitor's closet with red eyes and complaining of blurred vision. Officer Naul sent the inmate to the clinic where he reported appellant sprayed him in the eyes with cleaning solution.

Appellant claimed he sprayed the inmate in self-defense after he "pulled a weapon." Fleming's cell was later inspected, resulting in the confiscation of an empty spray bottle "that smelled like cleaning solution." The accusing inmate's cell was also searched but neither a weapon nor any other contraband was discovered.

2

On January 15, 2022, Fleming was charged with committing prohibited act *.002, assaulting any person, in violation of N.J.A.C. 10A:4-1.1(a)(1)(ii), and served with notice.[1]  In his written statement, appellant expounded on his statement to Officer Naul.  He claims the complaining inmate entered his cell with a weapon believed to be a "shank" or "shiv" and he only used the spray bottle to "block" him.  Appellant further contended the spray bottle's broken nozzle resulted in both inmates being sprayed with cleaning solution.  Appellant's statement also identified the unit officer and/or reporting employee as witnesses, and stated he intended to rely on the spray bottle and video footage to support his self-defense claim.

On January 25, 2022, a Disciplinary Hearing Officer (DHO) modified the *.002 charge to the *.014 charge and provided appellant with a copy of the amended charge and an additional twenty-four hours to prepare a defense.  That same day, however, Fleming requested video footage of the incident.  DOC

---

[1]  The record reveals Fleming was also charged with prohibited act .210, "possession of anything not authorized for retention or receipt by an inmate or not issued to him or her through regular correctional facility channels," in violation of N.J.A.C. 10A:4-4.1(a)(4)(iii).  Neither the Adjudication of Discipline Report nor the final decision addressed this charge, and the DOC similarly does not discuss it in their submissions before us.  We accordingly assume the charge was dismissed, and do not address it in our opinion.

personnel sent emails requesting the video footage on January 25, 2022; February 10, 2022; February 22, 2022; and February 28, 2022. The requested footage was received on February 28, 2022, resulting in the hearing being rescheduled to March 4, 2022.

After reviewing the requested footage at the March 4, 2022 hearing, appellant requested additional footage from an alternate vantage point and requested a postponement of the hearing. The record also indicates appellant requested witness statements from two Senior Corrections Officers. On March 4, 2022, the same day appellant requested the additional video footage, an investigator from the Special Investigations Division (SID) informed the DOC, the SID was unable to obtain video of the incident from any alternative angles.

The next day, appellant wrote a letter to the DHO and specifically requested the "opportunity to call the accuser as a [fact] witness." Appellant explained his accuser's testimony was necessary, "in the event the requested video footage is either unavailable or non-existen[t] . . . ." He also included three questions for the DHO to ask the accusing inmate.

In his letter, appellant confirmed the DHO denied his request at the March 4 hearing. Appellant's counsel substitute submitted a certification in which he confirmed both he and appellant requested the accusing inmate be called as a

4

fact witness, but the DHO denied their requests stating, "you can't call the accuser as a witness." Appellant also requested in the event his request was denied, the DHO make a "record of the denial" as required by the Administrative Code. Finally, the record also contains a letter from appellant to his counsel substitute demanding his accuser be questioned because, among other reasons "credibility is a serious issue."

The Adjudication of Discipline Report stated appellant was "asked" if he wished to call witnesses and "declined." The form also indicates appellant was "asked" and "declined" to confront or cross-examine adverse witnesses. Appellant's counsel substitute signed line sixteen of the Adjudication of Discipline Report "acknowledging" the form "accurately reflect[ed] what took place at the inmate disciplinary hearing," including appellant declining to call witnesses.

The DHO ultimately found appellant guilty of the *.014 charge. In the Adjudication of Discipline Report, the DHO stated she considered: (1) the preliminary incident report; (2) Officer Naul's report detailing the incident; (3) the report regarding the seizure of the empty spray bottle found in appellant's cell; (4) the medical report of the victim; (5) the seizure of contraband report;

5

and (6) photos of the spray bottle confiscated from appellant's cell. The DHO also noted appellant was afforded all process due to him.

Appellant was sanctioned to thirty-days loss of recreational privileges, 100 days in restorative housing, and thirty-days loss of canteen privileges. In issuing the sanctions, the DHO explained, appellant "needs to follow rules for safety and security of others. [He] needs to refrain from accruing charges. [He] takes no resp[onsibility] for his actions, only providing excuses."

Appellant challenged the DHO's decision claiming the DOC violated his due process rights as it failed to properly serve him with notice of the *.002 offense within forty-eight hours; he was not provided with requested evidence in a timely manner; and he was denied the opportunity to cross-examine his accuser. On April 6, 2022, the Assistant Superintendent upheld the DHO's decision and specifically found, appellant "sprayed another inmate in the face with cleaning solution. There is no violation of the standards. The sanction provided was proportionate to the offense. No leniency will be afforded to you." This appeal followed.

Before us, appellant reprises the contentions he raised before the DHO and Assistant Superintendent which, in essence, focus on the alleged deprivation of his procedural due process and equal protection rights. He first argues despite

6

his placement in prehearing detention, he did not receive his first hearing within three calendar days, contrary to N.J.A.C. 10A:4-9.8(c). Instead, he contends the DOC belatedly held his first hearing on January 25, 2022, eleven days after the incident without providing a "reason, exceptional circumstance or explanation" to justify the delay.

Appellant argues, in fact, the DOC caused the delay by failing to obtain the video footage he requested in a timely manner and, relying on N.J.A.C. 10A:4-9.7(a)(1), maintains when an inmate is in prehearing detention, any decision by the DOC to postpone a hearing based on the need for a continued investigation must be reviewed within forty-eight hours. He further explains as there is no record indicating any such investigation was conducted after January 25, the final agency decision should be reversed. Finally, appellant adds there was no justifiable reason for SID to take in excess of fifty days to produce the requested video footage.

Appellant also contends because the DHO assumedly rejected his self-defense claim, he was clearly entitled to call his accuser or engage in cross-examination. He further notes he submitted questions for the DHO or his counsel substitute to ask his accuser, but the DHO denied his request at both his March 4, 2022, and March 9, 2022 hearings.

As such, appellant argues the DHO deprived him of: (1) a reasonable opportunity to defend the disciplinary charges, and (2) an adequate record supporting the presentation of all evidence. He also notes after he determined the requested video footage did not support his claim, he made four requests to call or question his accuser. Appellant thus asserts the Adjudication of Discipline Report incorrectly stated he declined to call witnesses and improperly failed to state any reason for the DHO's decision, contrary to N.J.AC. 10A:4-9.13(e).

We disagree with appellant's first two points as the record does not support appellant's argument the DOC violated the due process rights afforded him under Avant v. Clifford, 67 N.J. 496 (1975). We reach a different result with respect to appellant's third point and conclude a remand is necessary for the DOC to provide further factual findings regarding appellant's request to call or cross-examine his accuser and its decision to reject appellant's self-defense claim.

## II.

Our review of a final agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We reverse only when that decision "is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence

in the record as a whole." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

"[A]lthough the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We engage in a "careful and principled consideration of the agency record and findings" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

An incarcerated inmate is not entitled to the full panoply of rights in a disciplinary proceeding as is a defendant in a criminal prosecution. Avant, 67 N.J. at 522. An inmate is entitled to written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and where the charges are complex, the inmate is permitted the assistance of a counsel substitute. Id. at 525-33.

A-2741-21

Further, an inmate has only a limited right to confront and cross-examine witnesses at a disciplinary hearing. Avant, 67 N.J. at 529–30; see also McDonald v. Pinchak, 139 N.J. 188, 194 (finding inmate's due process right to call witnesses and present evidence may be "abridged to the extent necessary to accommodate the institutional needs and objectives of prisons"); Johnson v. N.J. Dept. of Corrections, 298 N.J. Super. 79, 83 (1997) (explaining that an inmate is entitled to call witnesses at a disciplinary hearing "unless the [DOC] specifies some justifiable reason for refusing to permit the testimony"). On this point, a DHO "has the discretion to keep the disciplinary hearing within reasonable limits," N.J.A.C. 10A:4–9.13, and may refuse confrontation and cross-examination under various circumstances, N.J.A.C. 10A:4–9.14(b).

However, where an inmate's disciplinary "matter turns on the credibility of the officer[s] or the inmate, the inmate, upon request, is entitled to confrontation and cross-examination of the officer, at least, in the absence of any reasons that justify an exception . . . ." Decker v. N.J. Dep't of Corr., 331 N.J. Super. 353, 359 (App. Div. 2000). That principle is codified in N.J.A.C. 10A:4-9.14(a) which states an "opportunity for confrontation and cross-examination of the accuser(s) [or] . . . witnesses, if requested shall be provided to the inmate or counsel substitute in such instances where the . . . [h]earing

10

[o]fficer . . . deems it necessary . . ., particularly when serious issues of credibility are involved." See also Avant, 67 N.J. at 529-30.

If a DHO denies an inmate's or counsel substitute's request to call or cross-examine a witness, "the reasons for the denial shall be specifically set forth" on a designated disciplinary report form. N.J.A.C. 10A:4–9.14(f). Those memorialized reasons are critically important for appellate review as that record provides "prima facie evidence which will enable reviewing authorities . . . and if, necessary, the courts, to determine whether or not there has been a proper exercise of discretion." Avant, 67 N.J. at 532.

After considering appellant's arguments in the context of the aforementioned legal principles, we disagree with appellant's contention the DOC's failure to provide his first hearing date until eleven days after the incident, as opposed to the three days mandated by N.J.A.C. 10A:4-9.8(c), warrants reversal of the final agency decision. As appellant correctly notes, N.J.A.C. 10A:4-9.8(c) requires the DOC to provide inmates confined in Prehearing Disciplinary Housing with a hearing within three calendar days of their placement "including weekends and holidays, unless there are exceptional circumstances, unavoidable delays, or reasonable postponements."

The three-day requirement is not immutable, however. Indeed, N.J.A.C. 10A:4-9.8(c) expressly acknowledges there may be "exceptional circumstances, unavoidable delays, or reasonable postponements" preventing an inmate confined in Prehearing Disciplinary Housing from receiving a hearing within three calendar days. Further, as N.J.A.C. 10A:4-9.9 instructs, "[t]he failure to adhere to any of the time limits prescribed by this subchapter shall not mandate the dismissal of a disciplinary charge." Instead, a DHO has the discretion to dismiss a disciplinary charge due to a violation of time limits upon consideration of the "length of the delay," "reason for the delay," "[p]rejudices to the inmate in preparing his/her defense," and "[t]he seriousness of the alleged infraction." N.J.A.C. 10A:4-9.9.

Here, it is not disputed appellant was placed in prehearing detention on January 14, 2022 and did not have his initial disciplinary hearing until January 25, 2022. We are satisfied that delay does not warrant dismissal of the *.014 charge, considering the delay was brief, the offense was serious in nature, and appellant failed to identify any prejudice. We also note the delay resulted in an amendment of the initial charge, and appellant was provided the required additional notice.

12

We similarly reject appellant's argument reversal is warranted under N.J.A.C. 10A:4-9.7(a)(1) because the DOC failed to justify the delay. The record indicates appellant's January 25, 2022 hearing was postponed due to the modification of the charges and appellant's request to obtain video footage of the January 14, 2022 incident. The record also includes DOC emails requesting the video footage on four occasions between January 25, 2022, and February 28, 2022. After viewing the footage on March 4, 2022, however, appellant chose to again postpone his hearing and request additional footage from an alternate vantage point or camera. It is clear the postponements of both appellant's January 25, 2022 and March 4, 2022 hearings were due to appellant's request for potentially exculpatory evidence.

We also find appellant's reliance on N.J.A.C. 10A:4-9.7 misplaced as that provision requires the DHO to review a postponement of a hearing within forty-eight hours if the postponement is required for further investigation. Here, the hearing was postponed from January 25, 2022 to March 4, 2022, not because an additional investigation was necessary, but because the DOC had not yet received the additional video footage appellant requested, despite its repeated requests to the SID. In any event, even if N.J.A.C. 10A:4-9.7 applied, as noted,

N.J.A.C. 10A:4-9.9 does not mandate dismissal of a charge under the circumstances presented.

We reach a different conclusion regarding appellant's third argument. N.J.A.C. 10A:4-9.14(a) is clear:  an "opportunity for confrontation and cross-examination of the accuser(s) and/or the State's witness(es), if requested, shall be provided to the inmate or counsel substitute" in situations "where the [DHO] or Adjustment Committee deems it necessary for an adequate presentation of the evidence, particularly when serious issues of credibility are involved."  N.J.A.C. 10A:4-9.14(a).  Further, as noted, if the DHO denies a request to call or cross-examine a witness, "the reasons for the denial shall be specifically set forth" on a designated disciplinary report form and consistent with the reasons detailed in N.J.A.C. 10A:4-9.14(b).  See N.J.A.C. 10A:4-9.14(f).

Explicit reasons for a DHO's denial are particularly critical when an inmate claims self-defense to a prohibited act involving the use of force, as the inmate "shall be responsible for presenting supporting evidence."  N.J.A.C. 10A:4-9.13(f).  Such evidence "shall include each" of the following:

> 1. The inmate was not the initial aggressor;
>
> 2. The inmate did not provoke the attacker;
>
> 3. The use of force was not by mutual agreement;

4. The use of force was used to defend against personal harm, not to defend property or honor;

5. The inmate had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff; and

6. Whether the force used by the inmate to respond to the attacker was reasonably necessary for self-defense and did not exceed the amount of force used against the inmate.

[N.J.A.C. 10A:4-9.13(f).]

Here, appellant clearly raised a self-defense claim, as evidenced by the Adjudication of Discipline Report and his January 17, 2022 written statement. As such, it remained his burden to present evidence supporting that defense. Based on his multiple requests for video footage it is clear appellant initially intended to rely on that footage to support his argument he sprayed the victim with cleaning fluid to stop an attack with a deadly weapon. Apparently unsatisfied with the vantage point of the video, appellant then sought to question his accuser to establish the elements of his self-defense claim, as evidenced by his March 5, 2022 letter.

We fully acknowledge the Adjudication of Discipline Report indicates appellant declined to call any witness and his counsel substitute signed this form acknowledging its accuracy. That Adjudication of Discipline Report, however,

appears to have been used for all three of appellant's hearings on January 25, 2022; March 4, 2022; and March 9, 2022, and we cannot discern on which date appellant was "asked" about presenting witnesses and "declined."

Based on appellant's March 5, 2022 letter, it appears appellant declined to present witnesses prior to viewing the video footage on March 4, 2022. Once he learned the video footage did not detail the incident, he clearly invoked his confrontation rights as did his advocate, who also requested the accusing inmate be questioned, and provided three questions for the DHO to present.

At a minimum, we are satisfied appellant's March 5, 2022 letter served as sufficient notice to the DHO of appellant's request to call his accuser as a witness. Indeed, he stated, "I herein request the opportunity to call the accuser as a [fact] witness . . . and the opportunity for confrontation and cross-examination." Once the DHO received appellant's letter, the DHO was required to either allow appellant to call the witness or state on the Adjudication of Discipline Report the reason for denying the witness request. See N.J.A.C. 10A:4-9.14(a) & (f). Here, the Adjudication of Discipline Report does not state the DHO's reason for denying the request nor does it even reference appellant's request.

We reject the DOC's request that we disregard appellant's March 5, 2022 letter because it was not "part of the record." First, the letter is part of our appellate record and the DOC did not file a motion to strike it from appellant's appendix. That is likely so because the DOC does not argue the DHO did not receive the letter, nor does it challenge its authenticity or accuracy. In any event, appellant properly raised the cross-examination issue in his administrative appeal and Assistant Superintendent Lewis failed to address substantively his argument.

We accordingly vacate the April 6, 2022 final agency decision and remand for the DHO to address explicitly appellant's request to cross-examine or call his accuser. In the event appellant's request is denied, the DHO should state the reasons for denying appellant's request in accordance with N.J.A.C. 10A:4-9.14(a) & (f). Should the DHO determine such examination is appropriate, it shall be conducted in accordance with the procedures detailed in N.J.A.C. 10A:4-9.14(c)-(e). The DHO shall also provide additional factual findings specifically addressing appellant's self-defense claim that are discernible to any reviewing tribunal or court.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2741-21